IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRODERICK HAZZARD<br>19761 Pasnow Avenue<br>Euclid, OH 44119<br><br>Plaintiff,<br><br>v.<br><br>LAKESIDE BUILDING SERVICES, INC.<br>2122 St. Clair Avenue, N.E.<br>Cleveland, OH 44114<br><br>and<br><br>ANTHONY CASSESE<br>c/o Lakeside Building Services, Inc.<br>2122 St. Clair Avenue, N.E.<br>Cleveland, OH 44114<br><br>Defendant. | ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Broderick Hazzard, by and through undersigned counsel, for his Complaint against Defendants Lakeside Building Services, Inc. ("Lakeside") and Anthony Cassese, states and avers the following:

**PARTIES**

1. Plaintiff Broderick Hazzard resides in Cuyahoga County, Ohio and was at all relevant times an "employee" of Defendants Lakeside and Cassese as defined under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), and under Ohio Revised Code Chapter 4112. Plaintiff was an "employee" of Defendant Lakeside under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., as amended ("ADA").

2. Defendant Lakeside is a domestic corporation doing business in the Northern District of Ohio and, at all relevant times, is and has been an "employer" as defined under the

FMLA, the ADA and Ohio Revised Code Chapter 4112. Defendant Lakeside employed Plaintiff in Cuyahoga County, Ohio.

3. Defendant Anthony Cassese is the owner of Defendant Lakeside and an "employer" within the meaning of the FMLA, the ADA and Ohio Revised Code Chapter 4112.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FMLA and the ADA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant Lakeside is an Ohio corporation doing business in Cuyahoga County, Ohio, and the causes of action alleged herein arise from Defendant's activities in Cuyahoga County, Ohio.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. Plaintiff is a former employee of Defendants Lakeside and Cassese.

8. At all times relevant Defendants employed Plaintiff as a Floor Technician, the duties of which consist of cleaning and other duties as required.

9. Defendants hired Plaintiff in or about February 2013.

10. Plaintiff suffered an injury and/or developed a condition in his groin and/or back which required surgery.

11. Plaintiff advised Defendants of the need for surgery and that he would be out of work for at least two weeks.

12. At no time did Defendants inform Plaintiff of his rights under the Family Medical Leave Act which included the right to take leave on a continuous and/or intermittent basis following his surgery depending on need.

13. Plaintiff had surgery to repair his hernia on or about September 18, 2019.

14. Plaintiff returned to work on or about October 4, 2019 and provided Defendants with a return to work letter from his health care provider advising Lakeside he could only perform light duty work through October 30, 2019 because of the after-effects of his surgery and the continuing recovery.

15. On October 12, 2019, Defendants asked Plaintiff to do work in Lake County, Ohio in the evening. After completing the assignment and on his way back to the office to clock out, at approximately 11:00 PM, Plaintiff received a call from or at the direction of Lakeside's owner, Defendant Anthony Cassese, asking him to report to the Rock and Roll Hall of Fame to perform clean-up work following an event which had been held there that evening.

16. Plaintiff told Defendant Cassese he was not physically able to do additional work because of the pain and after-effects from his recent surgery.

17. Plaintiff in the past had performed work at the Rock and Roll Hall of Fame and believed the work he was asked to do was not light duty and would cause him physical harm and distress and violate his work restriction.

18. Plaintiff avers that accepting this assignment would have been in violation of Lakeside's work rule which provides:

> It is an unsafe practice to perform a job where there exists a physical or mental problem, incapacity, or stress. If any employee believes himself/herself or another to be suffering from

such a condition, the supervisor must be informed immediately so that no unsafe conditions may result.

19. Because Plaintiff refused to work on October 12, 2019, upon his return to work, he was fired two days later on Monday, October 14, 2019.

**COUNT ONE**

FMLA

20. Plaintiff restates each and every prior paragraph of this Complaint as if fully restated herein.

21. Defendants are each an "employer" within the meaning of the FMLA.

22. Plaintiff was an eligible employee under the FMLA.

23. Plaintiff had a serious health condition within the meaning of the FMLA.

24. Defendants did not give Plaintiff notice of his leave rights under the FMLA, including his right to intermittent leave.

25. Defendants knew or should have known that Plaintiff's need for leave, including intermittent leave, would be for an FMLA-qualifying reason.

26. Plaintiff was entitled to intermittent leave under the FMLA and would have exercised his right to intermittent leave had he been so advised.

27. Defendants at all relevant times were aware of the extent and nature of Plaintiff's health condition.

28. In terminating Plaintiff and failing to provide him leave under the FMLA, Defendants interfered with and denied Plaintiff benefits or rights under the FMLA and otherwise violated its own rule providing progressive discipline.

29. Defendant's conduct is in violation of 29 U.S.C. § 2615(a)(1), which makes it unlawful for any employer to interfere, restrain or deny the exercise of or the attempt to exercise any right that the FMLA affords.

30. Defendants did not act in good faith and their conduct was a violation of Title 29 U.S.C. § 2615, such that Plaintiff is entitled to additional, liquidated damages.

**COUNT II**

Disability Discrimination – Termination – ADA

31. Plaintiff restates each and every prior paragraph of this Complaint as if fully restated herein.

32. At all times relevant the Plaintiff had a physical impairment that substantially limited a major life activity, to-wit; lifting and otherwise working without limitation.

33. In the alternative, Defendant Lakeside regarded Plaintiff as disabled.

34. Defendant Lakeside terminated Plaintiff's employment based on his disability in violation of the Americans with Disabilities Act of 1990, as amended.

35. Plaintiff was capable performing the essential functions of his position, with an accommodation.

36. Plaintiff suffered an adverse employment action because of his disability.

37. As a direct and proximate result of Defendant Lakeside's conduct, Plaintiff suffered and will continue to suffer damages.

38. Defendant Lakeside acted with malice and/or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

**COUNT III**

Disability Discrimination – Failure to Accommodate - ADA

39. Plaintiff restates each and every prior paragraph of this Complaint as if fully restated herein.

40. Defendant Lakeside knew that Plaintiff required an accommodation, to-wit, not requiring him to work the extra hours as requested on October 12th as well as performing duties which exceeded his temporary restrictions.

41. Plaintiff was able to otherwise safely and substantially perform the essential functions of his job with this accommodation.

42. Defendant Lakeside made as a condition of Plaintiff's continued employment that he work that evening in violation of his temporary work restriction and, when he refused, terminated him, and thereby failed to reasonably accommodate his disability.

43. Defendant Lakeside's conduct violated the Americans with Disabilities Act of 1990, as amended.

44. As a direct and proximate result of Defendant Lakeside's conduct, Plaintiff has suffered and will continue to suffer damages.

45. Defendant Lakeside acted with malice and/or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

**COUNT IV**

Disability Discrimination – Termination – ORC Chapter 4112

46. Plaintiff restates each and every prior paragraph of this Complaint as if fully restated herein.

47. Defendants terminated Plaintiff's employment based on his disability in violation of Ohio Revised Code Chapter 4112.

48. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and will continue to suffer damages.

49. Defendants acted with malice, thereby entitling Plaintiff to an award of punitive damages.

**COUNT V**

Disability Discrimination – Failure to Accommodate - ORC Chapter 4112

50. Plaintiff restates each and every prior paragraph of this Complaint as if fully restated herein.

51. Defendants' failure to reasonably accommodate Plaintiff's disability violated Ohio Revised Code Chapter 4112.

52. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages.

53. Defendants acted with malice, thereby entitling Plaintiff to an award of punitive damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands from Defendants the following:

(a) Reinstatement;

(b) An award of compensatory and monetary damages to compensate Plaintiff for lost wages and benefits, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim;

(c) An award of punitive damages in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and costs; and

(e) Such other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Alan I. Goodman
Alan I. Goodman (0012660)
55 Public Square, Suite 1330
Cleveland, Ohio 44113
Tele: (216) 456-2486
Fax: (216) 456-2487
agoodman@aiglaw.com

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Suite 102
Cleveland, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570

*Attorney for Plaintiff Broderick Hazzard*

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims asserted in this Complaint.

/s/ Alan I. Goodman
Alan I. Goodman (0012660)